HARDY, Judge.
This is a suit for damages by the mother and father of Ernest Thurman Bunch, who was fatally injured in an automobile collision. Made defendants were T. S. C. Motor Freight Lines, Inc., Couch Motor Lines, Inc., and their respective insurers, Midwestern Insurance Company and Fidelity & Casualty Company of New York. Numerous exceptions were filed on behalf of the several defendants which, after amendment of plaintiff’s petition, were disposed of by consent. As the result of a stipulation the suit against Midwestern Insurance Company was dismissed. After trial on the merits there was judgment rejecting plaintiff’s demands, from which they have brought this appeal.
The issue here presented, in our opinion, concerns purely questions of fact, and there seems to be no material difference of opinion as to the legal principles involved. There is a violent and irreconcilable conflict in the testimony of the witnesses and it is with respect to the attempt to resolve the true facts from the somewhat voluminous mass of conflicting testimony that we are here concerned.
The accident occurred between 8:00 and 8:30 o’clock P. M. on October 31, 1951, in Bossier Parish on U. S. Highway 80 at a point some seven miles east of Bossier City. A large heavily loaded trailer and truck of defendant, T. S. C. Motor Freight Lines, and a similar unit of the Couch Motor Lines were proceeding east on Highway 80 in that order. A 1949 Hudson sedan driven by decedent, Ernest Bunch, was traveling west on the highway and collided with both trucks in turn. The collisions occurred at or near the eastern end of a flat, gradual curve of the highway. The curve turned in. a northerly direction from the viewpoint of eastbound traffic. Defendant’s trucks were therefore turning to the left in the outside perimeter of the curve, and, according to the preponderance of the testimony, had practically completed negotiating the curve and were straightening out their courses at the eastern end thereof. Decedent’s automobile was just beginning to enter the curve on the inside lane of the highway, curving to his right as he proceeded westerly.
As the T. S. C. unit and the Bunch automobile were engaged in passing, the vehicles collided so slightly that the only point of contact was between a strip of chrome trimming on the left side of the Bunch car and the left rear drive-wheel of the track. A strip of chrome was thrown from the Hudson car and a portion thereof was láter found lodged between the tire and the rim of the left rear wheel of the T. S. C. truck. As we have noted, the collision was so slight as to leave the driver of the truck unaware thereof, although his relief driver, who was seated in the truck cab with him on his right, remarked that he thought the vehicles had touched in passing. However, as slight in degree as it appeared, the collision effected tragic results, for the Bunch car was turned in what was described as a spinning or sliding motion along the outside lane of the highway, completely out of control, and crashed almost head-on into the Couch truck unit. Young Bunch was injured to such extent that death resulted while he was being removed from the scene of the accident in an ambulance.
The above facts are either undisputed or so well established as to leave no ground for question. The only other pertinent facts which we think are overwhelmingly established are that the weather was exceedingly inclement and, at the time, a hard rain, accompanied by some hail, was falling. The adverse effect of these phenomena upon visibility was increased by brilliant flashes of lightning. At the point of accident the *152 highway had been undergoing repairs, apparently consisting of resurfacing and the widening of., the adjacent .shoulders. The shoulders were soft with , mud and there was no center line down the hard surface portion of the highway. The truck units were traveling at a.speed of approximately 35 ipiles per hour. The speed of the Bunch automobile is not satisfactorily established, but as best we can estimate it must have been moving at something in the neighborhood of fifty miles per hour. . The only real, eyewitnesses to the accident were Guil-lory, driver of the T. S. C. truck, Reeder, his relief driver, and Price, the driver of the Couch truck. Of these three only Reeder and Price testified to .seeing. the collision between the Bunch car and the Couch truck. Within a very short time-following the occurrence of the accident two State troopers appeared on the scene and these witnesses testified as to their observation of the surrounding circumstances and conditions.
Plaintiffs rely upon two charges of negligence, one against each of the defendant truck owners. First, it is argued that Guillory was driving the T. S. C. truck partially across the center of the highway in the lane of travel of the oncoming Bunch vehicle. Next, it is argued that Price, was driving the Couch .truck, not more than 150 feet behind the T. S. C. unit in violation of the statute requiring an interval of 400 feet. It is contended that these acts of negligence by the drivers of the respective trucks involved were the sole and proximate cause of the accident. Alternatively counsel for plaintiffs strenuously claim that the circumstances require the application of the doctrine of the last clear chance against the driver of the Couch truck.
It is obvious that plaintiffs’ right to recover depends upon the establishment of the facts, upon which the charges of negligence are based, by a satisfactory preponderance of the evidence. Clearly the burden was upon plaintiff.
Unfortunately it is with respect to the essential facts that the conflict of testimony has developed to such extent as to becloud the determination- thereof.
The principal witness for plaintiffs was. one Haynes, who testified that he was third' in a line of three westbound vehicles which had been passed by the Bunch car a comparatively short distance from the site of the accident.'
The major portion of the arguments of counsel for the parties litigant, both oral and by briefs, was devoted to a discussion, pro and con, as to the credibility of the witnesses. Counsel • for plaintiffs strenuously attacked the credibility of Guillory,, and counsel for defendants, fully as zealously, questioned. the reliability of the testimony of the witness Haynes. After repeated examinations of, the record we must concede that there is some substantial; ground for these arguments of counsel. The testimony of each of these witnesses leaves much to be desired, and is fraught with somewhat serious discrepancies which lessen the effect of their testimony. However, we think that ,it is, neither, necessary nor desirable to burden this opinion with a detailed analysis of the testimony. In our opinion the testimony of both Guillory and Haynes might be completely eliminated from the record without :doing great damage to the cause of either party.
The basis of counsel’s attack upon the credibility of the testimony of the witness, Guillory, is grounded in the difference, in respect to some pertinent points, between his sworn testimony on trial and the recital of facts contained, in a signed statement which he gave to one of counsel for plaintiff about ten and a half months following the accident;. some time prior to the trial and before he .had been interrogated by an insurance adjuster and a member of counsel for defendants. The most material point of variance bears upon the factual question which is tendered by .plaintiffs’ claim that the truck was partially in its left-hand lane of the highway at the time of the collision. In his signed statement Guillory had.declared that the Bunch car was proceeding in- a straight course on its proper side of the highway, whereas on *153 trial he testified .that the Bunch vehicle had •encroached upon its left-hand lane in. front ■of the course of Guillory’s truck by some two and a half to three feet. Clearly these •conflicting statements are completely irreconcilable and it is quite true that this discrepancy upon so vital a factual issue does much to discredit the testimony of the witness.
Similarly, we find that the testimony of Haynes is subject to a number of very tenable criticisms. The witness’ testimony as to distances is well-nigh incredible in consideration of the fact of the dark, stormy condition of the weather and the downpour of rain. It is true the witness testified that the rain amounted only to a drizzle, but we think this is overwhelmingly controverted by the testimony of other witnesses, and particularly of the State troopers who were on the scene almost immediately following the collision. Haynes testified that he observed the T. S. C. truck at a distance of approximately 700 'feet, and further noted that it was being followed by the Couch truck at a distance which he estimated, with an almost unbelievable exactness, as being 140 to ISO- feet, which observations were made at night when only the headlights of the vehicles were perceptible, and at a time when weather conditions were anything but conducive to clear observation.
If we proceed as we have above suggested, the rather questionable' testimony of these two witnesses should be considered a stand-off and should be eliminated as having little, if any value.
However, the conclusion is inescapable that plaintiff has failed, with or without the testimony of Haynes, and despite the acceptance- or rejection of the testimony of Guillory, to establish by any sort of preponderance of evidence the charge of negligence against the T. S. C. truck driver, which depends upon his alleged encroachment over the center of the highway.
The above observations are not intended to be regarded in the light of a condemnation of the witnesses or a reflection upon their desire to testify triithfully. We simply feel that in the absence óf a center strip marking and under the weather conditions prevailing, it was a matter of extreme difficulty, if not of absolute impossibility, to make accurate .and complete observation of all the facts. It is easy to convince oneself in retrospect as to the correct occurrence of certain incidents which were somewhat vaguely, uncertainly and hurriedly impressed upon the mind at the time of their occurrence.
Having concluded that plaintiffs have failed to carry the burden of proof substantiating the conclusion of negligence on the part" of the defendant, T. S. C. Motor Freight Lines, Inc., we proceed to a consideration of the question of liability on the part of defendant, Couch Motor Lines.
We think great reliance must be placed upon the testimony of the witness, Reeder, the relief driver of the T. S. C. truck, and Price, the driver of the following- Couch unit. After feeling the contact with the Bunch vehicle Reeder testified that he opened the cab door and looked back down the road; that he saw the Bunch car -sliding down the south lane of the highway and observed its collision with the Couch truck. Price saw the contact between the Bunch car and the T. S. C. truck, and testified that he observed a shower of sparks as the metal on the side of the Bunch automobile scraped the wheel of the truck; that the Bunch •automobile then spun along the highway in his path; that he attempted to avoid the collision by braking his truck and pulling it to the. right, but in vain. Both of these witnesses testified that there was an interval of several hundred feet between the two trucks.
Again we think plaintiffs have failed to sustain, the burden of proving ;that the. Couch unit was following the T. S. C. truck at' a lesser distance than that provided by statute. In this connection we note the observation of the district judge who dictated an informal opinion into the record immediately after conclusion of trial, and who observed therein that the trucks were *154 separated by a minimum of 300 feet, or by a distance varying- from 300 to 500 feet. Even conceding that the trucks were separated by a lesser distance, we are impelled to the conclusion that this violation of law neither in a primary nor contributory sense can be considered as a proximate or effective cause of the accident.
Defendants denied any negligence on the part of the drivers of their trucks and fur* ther averred the negligence of Bunch as constituting the proximate cause of the accident. This negligence is based upon the claims that Bunch was intoxicated and that he was carelessly and negligently driving his automobile to his left of the center of the highway.
While the testimony of the troopers establishes the fact that Bunch had been imbibing some nature of alcoholic beverages, this testimony would not, and indeed could not, establish the degree, if any, of intoxication. Nor is there anything in the record, based upon the manner of observed operation of his car, which would justify the conclusion that Bunch was under the influence of intoxicants.
As to the charge that Bunch was operating on or partially on the wrong side of the highway, we find it unnecessary to express an opinion in view of the conclusion that the drivers of defendants’ vehicles were free from the negligence charged.
We have encountered no difficulty in resolving against the application of the doctrine of last clear chance. Price, the driver of the Couch truck, proceeding at a speed of 35 miles an hour, was confronted with an immediate emergency. The Bunch automobile after its contact with the T. S. C. truck was sliding, spinning, hurtling toward the Couch unit. Price applied the brakes, turned to the right, but was unable to avoid a collision of such violence that it demolished the Bunch automobile and knocked the Couch unit well onto the muddy southern shoulder of the highway. Counsel for plaintiffs urge that Price could and should have avoided the accident, but we can find no facts which would in any degree justify such a conclusion, and it follows that the application of the doctrine sought must be denied.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.